UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENE DESHAWN M. WATKINS                                                                PLAINTIFF

v.                                                                                           NO. 3:14-CV-656-CRS

FEDERAL BUREAU OF INVESTIGATION                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of the United States of America on behalf of the Federal Bureau of Investigation ("FBI") to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (DN 6). Plaintiff Gene DeShawn M. Watkins, *pro* se, has not responded to the motion. For the reasons set forth below, the action will be dismissed. A virtually identical matter, *Watkins v. FBI*, Civil Action No. 3:14CV-585-H, was recently dismissed as well.

## BACKGROUND

This action was originally filed in the Jefferson County, Kentucky, Circuit Court. It was then removed to this court under our federal question jurisdiction. 28 U.S.C. § 1331.

As paraphrased by the United States, the plaintiff alleges "that the government has cameras that see through his walls and clothes; that the government has been watching him since the year 2000; that he has been a 'telepathic sex slave for the government' for over a decade; that he was kidnapped by a CIA agent that he has seen on television; that the police have been watching him for over a decade and have bugged his house; that agents are monitoring his bank

account; that he was the subject of racial profiling; and other similar allegations."[1] Watkins alleges that he has suffered a violation of his "4th, 13th, 14th, and 15th Amendment rights" and "civil liberties," "deadly intent," "conspiracy to commit murder," "unlawful entry," "unbecoming of an officer," "murder," "assault," "exstortion [sic]," "destroying evidence," "low level prostitution," and "reckless eyeballin [sic], peepin [sic] tommin [sic], exploitation of lil [sic] blk [sic] girls u [sic] name it…" (DN 1-1 *passim*).

## DISCUSSION

Frivolous or patently insubstantial complaints are subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. *Nietzke v. Williams*, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 1832 n.6, 104 L.Ed.2d 339 (1989), *citing Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79, 39 L.Ed.2d 577 (1974)(federal courts lack power to entertain claims that are "so attenuated and insubstantial as to be absolutely devoid of merit."). Examples of clearly baseless factual contentions include "claims describing fantastic or delusional scenarios…" *Neitzke*, 490 U.S. at 328.

As stated in *White v. State of Michigan Center for Forensic Psychiatry*, 66 Fed.Appx. 626, 627, 2003 WL 21397866 (6th cir. 2003), "[A] totally unsubstantiated complaint such as the one in this case fails to confer subject matter jurisdiction on the district court." *Citing Hagans*, 415 U.S. at 536-37. The complaining document is devoid of any credible allegations. For example, it contains bizarre, fantastic, delusional and disjointed thoughts of murders and death threats, telepathic sex, and surveillance, and it makes reference to the CIA, the military, the Klan,

---

[1] The complaining document filed by Watkins consists of six handwritten pages of disjointed ramblings, much of which appears in the form of incomplete sentences and disjointed, bizarre assertions. The allegations as restated by the United States (DN 6-1, pp. 1-2) do not fully reflect the delusional and fantastic nature of the document when viewed as a whole. The full document can be found in the record at DN 1-1.

the media, the Inspector General, and the NYPD.  It names the FBI as defendant, but seeks no relief.  Clearly, the action must be dismissed as patently insubstantial and frivolous.

Further, a complaint must contain

(1) a short and plain statement of the grounds for the court's jurisdiction…

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought..

Fed.R.Civ.P. 8(a)(1) – (3).  Watkins' document contains none of these, beyond his naming the FBI as defendant, thus resulting in the removal of the action by the United States to this court.

In order to survive a motion to dismiss grounded on a failure to state a claim, a complaint must contain sufficient factual matter, taken as true to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." . *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(*citing Twombly,* 550 U.S. at 556).

Not only are the are the allegations bizarre and incredible, but they fail to allege any claim or seek any relief from the FBI.  Watkins does not offer any legal grounds for a complaint against the FBI.  Rather, he recites the terms "violation of [his] "4th ,13th, 14th, and 15th Amendment rights" and "civil liberties," "deadly intent," "conspiracy to commit murder," "unlawful entry," "unbecoming of an officer," "murder," "assault," "exstortion [sic]," "destroying evidence," "low level prostitution," "reckless eyeballin [sic]", "peepin [sic] tommin [sic]", and "exploitation." DN 1-1, *passim*.  As stated in *Iqbal*, 129 S.Ct. at 1949, however, a

plaintiff must provide more than mere labels and conclusions, or a "formulaic recitation of the elements of a cause of action." Here the plaintiff's document lacks plausible facts, claims, or remedies. For this reason, the action must also be dismissed for the plaintiff's failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

## CONCLUSION

For the reasons stated above, the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (DN 6) will be granted. A separate order will be entered this date in accordance with this opinion.

January 22, 2015

**IT IS SO ORDERED**.

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Counsel of Record
Gene DeShawn M. Watkins, *pro se*